IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| Karen DeHoney, | NO. C 08-04092 JW |
| Plaintiff, | **ORDER TO SHOW CAUSE RE: SUMMARY JUDGMENT** |
| v. | |
| Denny's, Inc., | |
| Defendant. | |

Presently before the Court is Defendant's Motion for Summary Judgment or, in the Alternative, Partial Summary Judgment. (hereafter, "Motion," Docket Item No. 44.) The Court conducted a hearing on March 22, 2010. At the hearing, Plaintiff represented that certain deficiencies in her performance were excusable and did not preclude a *prima facie* case of racial discrimination because they were caused by the unduly long hours that Defendant required her to work. Plaintiff also represented that numerous racial slurs were directed at her on a regular basis in the workplace.

A fact issue is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). However, the Ninth Circuit has refused to find a "genuine issue" where the only evidence presented is "uncorroborated and self-serving" testimony. Kennedy v. Applause, Inc., 90 F.3d 1477, 1481 (9th Cir. 1996); accord Villiarimo v. Aloha Island Air, Inc., 281 F.3d 1054, 1061 (9th Cir. 2002).

Here, Plaintiff's representations at the hearing are neither support by the record or corroborated by other evidence. The Ninth Circuit is clear that uncorroborated deposition testimony

from a plaintiff claiming racial discrimination alone would not be enough support a *prima facie* case under Title VII.  In light of Plaintiff's *pro se* status, the Court permits Plaintiff to file supplemental briefing which shall include some other corroborating evidence to support her allegations in the face of Defendant's Motion for Summary Judgment.

Accordingly, on or before **April 9, 2010**, Plaintiff shall submit further briefing and corroborating evidence to support her statements at the hearing, to the extent that Plaintiff intends to rely on such statements to establish a *prima facie* case of racial discrimination or harassment.  On or before **April 14, 2010**, Defendant shall file its Response, if any, to Plaintiff's submission.[1]

Dated: March 24, 2010

JAMES WARE
United States District Judge

---

[1] On March 18, 2010, Plaintiff filed a Motion to Amend Original Complaint.  In light the pending Motion for Summary Judgment, the Court DENIES Plaintiff's Motion as untimely.  This is without prejudice for Plaintiff to renew her Motion in the event that this case advances beyond the summary judgment stage.  (See Docket Item No. 53.)

2

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

Brian H. Chun bchun@lkclaw.com
Gary T. Lafayette glafayette@lkclaw.com

Karen DeHoney
284 E. Prosperity Avenue
Tulare, CA 93274

**Dated:  March 24, 2010**                              **Richard W. Wieking, Clerk**

                                             **By:      /s/ JW Chambers**
                                                     **Elizabeth Garcia**
                                                     **Courtroom Deputy**

**United States District Court**
For the Northern District of California